IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT GIVENS,

                Plaintiff,                    OPINION & ORDER

    v.

WISCONSIN CENTRAL, LTD.,                      14-cv-156-jdp

                Defendant.

---

    Wisconsin Central, Ltd., filed a motion to compel responses to the discovery requests that it had served on May 1, 2014. Before the court decided the motion, plaintiff Robert Givens responded to the requests, but the court determined that Wisconsin Central was still entitled to reimbursement of its reasonable expenses because of the delay. Wisconsin Central filed a request for attorney fees in the amount of $1,212, which Givens opposes.

    In support of its request, Wisconsin Central filed the declaration of its attorney, Jodie F. Weinstein. Dkt. 21. The declaration attaches a table itemizing the billing entries for the work that she and attorney Noah G. Lipschultz completed on the motion to compel. The table indicates that attorney Weinstein completed 1.2 hours of work at a rate of $250.00 per hour and attorney Lipschultz completed 3.2 hours of work at a rate of $285.00 per hour.

    "The fee claimant bears the burden of substantiating the hours worked and the rate claimed." *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 946 (7th Cir. 1997). The claimant must: (1) identify a reasonable number of hours worked; and (2) multiply the hours by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Givens opposes the request because he claims that Wisconsin Central has failed to carry its burden of substantiating that both the hours worked and the billing rates are reasonable. The court agrees that the claim for fees is inadequately documented.

In a small fee request like this one, the presentation and documentation need not be elaborate, but it must meet basic requirements. The Weinstein declaration contains nothing to show that the hourly rates are in line with the market. The rates do not seem wildly out of line for attorneys with at least 10 years of experience in a sizable Minneapolis firm, but a proper request would show that the rates are in line with the market for this type of case.

The Weinstein declaration also does not establish that the declarant has personal knowledge of the firm's billing process, which is important to establish that the amounts presented in the fee request are actually the amounts that were billed and expected to be paid by the client (because one important check on unreasonable fee requests is that the client accepts them). Raw billing entries are not sufficient because the attorney must exercise billing judgment to "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. In this case, the declaration states that the amounts presented "correspond" to the amounts billed, which I will accept as good enough for this small request.

Givens asks that the fees be denied entirely or reduced by at least 50 percent. I will not go that far. *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000) ("When a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage."). I accept some of Givens's criticism of the entries for Weinstein's emails. I do not agree with Givens that Weinstein should have been able to dash off these emails in a minute each, but they should not have taken 12 or 24 minutes to write. I would knock off .4 hours of Weinstein's time for this irregularity.

I do not agree with Givens's criticism of time spent drafting the motion to compel. Lipschultz's 3.2 hours preparing the motion and supporting materials is reasonable (and in line

with the examples in the cases Givens cites). I see nothing wrong with Weinstein taking half an hour to review the motion; I would encourage the practice. I also do not agree that Lipschultz and Weinstein should have engaged a more junior attorney to do the work. There are inefficiencies in pulling another attorney into a case for a small task, and I will not second-guess their decisions on this matter. It might be different if counsel had used partner-level attorneys for a long document review, but that is not the case here.

The court's earlier order, Dkt. 19, makes clear that plaintiff had inexcusably delayed its discovery responses, warranting fee shifting. I will not let relatively minor deficiencies in Wisconsin Central's fee request blunt the effect of that order. Nor do I wish to encourage inefficient, time-consuming quibbles over small fee requests.[1] In view of my misgivings about the hourly rates and the amounts billed for Weinstein's emails, I find that Wisconsin Central is entitled to fees in the amount of $1,000.

ORDER

IT IS ORDERED that:

1. Defendant Wisconsin Central is awarded its reasonable attorney fees in the amount of $1,000.00, consistent with the opinion above.

Entered this 29th day of October, 2014.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

---

[1] Defendant's motion to compel was supported by a six-page brief; plaintiff's opposition to the fee request was seven pages. Something is out of balance here. The parties in this case are strongly encouraged to refocus their efforts on the merits of the case.